IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THE ESTATE OF PAUL HEENAN, by
Personal Representative John Heenan,

                Plaintiff,                OPINION AND ORDER

  v.

                                                13-cv-606-wmc

THE CITY OF MADISON and STEPHEN
HEIMSNESS,

                Defendants.

---

Before the court is plaintiff's motion for an independent mental examination of defendant Stephen Heimsness pursuant to Federal Rule of Civil Procedure 35. (Dkt. #24.) The court was initially inclined to deny the request given that a defense of tunnel vision and/or auditory exclusion had only been eluded to in certain discovery responses, but now that defendant has served an expert report opining on the role of these conditions in Heimsness's shooting of Paul Heenan, the court will order an examination limited to the claim that tunnel vision and auditory exclusion may have played a role in the shooting. In granting this motion, the court finds that plaintiff's request meets the requirements of Rule 35, but expressly reserves on the relevance or admissibility at trial of any opinion on this subject, whether offered by defendant or plaintiff. For the reasons explained below, the court will also allow the examiner to consider and evaluate Heimsness for any mental or physical health issue that may reasonably assist in assessing this claim, but expressly declines to direct that the examination specifically include or exclude Heimsness's claimed PTSD.

OPINION

## I. Rule 35 Standard

Federal Rule of Civil Procedure 35(a) provides in pertinent part

> **(a) Order for an Examination.**
>
> **(1)** *In General*. The court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.
>
> **(2)** *Motion and Notice; Contents of the Order*. The order:
>
> (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and
>
> (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

To obtain a Rule 35 examination, a party seeking an examination must show that each condition for which the examination is sought is "genuinely in controversy" and that "good cause exists for ordering the examination." *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964). Here, plaintiff seek a mental health examination to assess (1) Heimsness's claim of tunnel vision and auditory exclusion, which defendants assert Heimsness experienced at the time he shot Heenan; and (2) the severity and date of origin of Heimsness's alleged post-traumatic stress disorder (PTSD). The court will consider each condition in turn.

**II. Tunnel Vision and/or Auditory Exclusion**

Plaintiff's motion pointed to excerpts from various investigatory materials describing or eluding to tunnel vision and/or auditory exclusion at the time of the shooting. (9/25/14 Declaration of Andrea J. Farrell ("9/25/14 Farrell Decl."), Ex. A (dkt. #26-1) (11/9/12 narrative of interview with Heimsness in which he alludes to not seeing Officer Troumbly); *id.*, Ex. B (dkt. #26-2) (1/1/13 City of Madison intra-departmental memo mentioned auditory exclusion).) The motion also pointed to a February 12, 2014, letter from Heimsness's counsel maintaining his objection to plaintiff's request for information about "tunnel vision, auditory exclusion or freezing" on the basis that these conditions are subject to expert review and opinion. (*Id.*, Ex. C (dkt. #26-3).) Defendant then served an expert report on Heimsness's police practices, which opines that Heimsness "likely experienced the psychophysiological effects of perceptual narrowing ('tunnel vision') and auditory occlusion or exclusion (diminished or total loss of hearing) while fighting with suspect Heenan." (1/9/15 Declaration of Andrea J. Farrell, Ex. B (dkt. #43-2) ¶ 1.36.)

In response to plaintiff's motion, defendant primarily argues that (1) the Fourth Amendment excessive force standard is an objective one; and (2) thus, "[w]hether or not [Heimsness] experienced tunnel vision or auditory exclusion is irrelevant to the objective analysis." (Def.'s Opp'n (dkt. #27) 3.) While the court agrees that defendant Heimsness's intent or motivation is not relevant to determining whether his use of force was objectively reasonable, the inquiry necessarily touches on the total circumstances of the encounter. *Phillips v. Community Ins. Corp.*, 678 F.3d 513, 519 (7th Cir. 2012) ("An

3

officer's use of force is unreasonable if, judging from the totality of the circumstances at the time of the arrest, the officer uses greater force than was reasonably necessary to effectuate the arrest."). As indicated above, whether defendant's expert's opinion or the opinion of plaintiff's mental health examiner comes in at trial will be an issue for another day.

Defendant also opposed plaintiff's motion on the basis that defendants had not placed Heimsness's mental state in controversy, labeling plaintiff's position as "pure fiction and unsupported by the record." (Def.'s Opp'n (dkt. #27) 3.) While the record presented with the original motion only contained passing references to these conditions, defendant now has placed them in controversy by serving an expert report on Heimsness's police practices, in which the expert opines that Heimsness "likely experienced the psychophysiological effects of perceptual narrowing ('tunnel vision') and auditory occlusion or exclusion (diminished or total loss of hearing) while fighting with suspect Heenan." (1/9/15 Declaration of Andrea J. Farrell, Ex. B (dkt. #43-2) ¶ 1.36.) Why this is relevant given defendants' earlier assertions is not explained, but at this stage of discovery, it would appear both that: (1) whether Heimsness suffered from tunnel vision and auditory exclusion is now genuinely in controversy; and (2) any reliance on these conditions in forming his defense constitutes good cause to allow plaintiff an opportunity to explore those claimed conditions through an independent mental health examination. *See Goodman v. Harris Cnty.*, 571 F.3d 388, (5th Cir. 2009) (affirming district court's order of defendant police officer's mental examination in order "to level

4

the playing field because [defendant] had indicated that he intended to prove what happened on the night of the shooting through the use of psychological evidence").

### III. Post-Traumatic Stress Disorder

Plaintiff also seeks to assess Heimsness's post-traumatic stress disorder diagnosis, as well as the onset of that condition. In support for this specific request, plaintiff points to: (1) a June 28, 2013, disability medical report, indicating that Heimsness suffers from post-traumatic stress disorder; and (2) a June 3, 2013, session note from his therapist indicating that the session's focus include a "review of chronic vicarious traumatization over 14 year course of policing." (9/25/14 Farrell Decl., Exs. D, E (dkt. ##26-4, 26-5).) Unlike the claimed tunnel vision and auditory exclusions, however, there is no support in the record that Heimsness intends to rely on a possible PTSD diagnosis as part of his testimony about the total circumstances surrounding the shooting. To the contrary, the evidence suggests that the PTSD diagnosis occurred as a result of the shooting. (*See* 9/25/14 Farrell Decl., Ex. E (describing nature of injury as "officer-involved shooting involving death of the suspect, and protracted public scrutiny/stress").)

Plaintiff persists that Heimsness's PTSD diagnosis may impact his memory of the events. (Pl.'s Opening Br. (dkt. #24) 4, 10.) Such a basis could ring true for practically *any* witness suffering from a mental health issue, and does not constitute good cause for subjecting a party to psychological examination. Unlike a plaintiff who is seeking to recover damages for emotional or psychological injuries, *see Walti v. Toys R Us*, No. 10 C 2116, 2011 WL 3876907, at *2 (N. D. Ill. Aug. 31, 2011), there is no basis for finding

5

Heimsness's PTSD diagnosis relevant, or even if relevant, admissible under Rule 403, not to mention meeting the higher standard of genuinely in controversy under Rule 35, unless the mental health examiner believes that inquiry is reasonably related to Heimsness's claimed psychological limitations. *See, e.g.*, Matthew Tull, *The Fight or Flight Response: Our Body's Response to Stress*, About Health, *available at* http://ptsd.about.com/od/symptomsanddiagnosis/a/fight_flight.htm (last visited Feb. 18, 2015).

Accordingly, the court will order defendant Stephen Heimsness to submit to a psychological examination limited to Heimsness's claim that he suffered tunnel vision or auditory exclusion at the time of the shooting, at the office of Dr. Alan F. Friedman, 30 N. Michigan Avenue, Suite 1206, Chicago, IL 60602, at a date and time convenient to Heimsness and Dr. Friedman.

ORDER

IT IS ORDERED that:

1) Plaintiff Estate of Paul Heenan's motion for independent mental exam of defendant Stephen Heimsness pursuant to Federal Rule of Civil Procedure 35 (dkt. #24) is GRANTED; and

2) Plaintiff's motion for leave to file a supplemental brief (dkt. #41) is GRANTED.

Entered this 18th day of February, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge