IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THE ESTATE OF PAUL HEENAN, by
Personal Representative John Heenan,

            Plaintiff,                          ORDER

    v.

                                                  13-cv-606-wmc

THE CITY OF MADISON and MADISON
POLICE OFFICER STEPHEN HEIMSNESS,
In his individual capacity,

            Defendants.

---

        The court is in receipt of plaintiff's motion for relief from Heimsness's claimed failure to comply with court-ordered independent medical examination. (Dkt. #85.) In the motion, plaintiff seeks an order requiring Heimsness to resubmit to an IME, and specifically require him to (1) answer questions Dr. Grunert believes are necessary for a full history and (2) sit for a written, standardized psychological test, namely the Minnesota Multiphasic Personality Inventory test (more commonly referred to as the MMPI). For reasons explained in the court's order granting plaintiff's motion for an IME, the court will rely on the psychiatrist administering the IME to determine the scope of the examination.

        As such, plaintiff's motion is GRANTED,[1] with the following restrictions and caveats:

1. The designated examiner is to limit the examination to only those questions and tests that he or she believe in good faith will have a bearing in assessing

---

[1] The court declines to award costs to either party under Rule 37(b).

Heimsness's claims of auditory exclusion or tunnel vision, including, if relevant to those claims, evidence of PTSD.

2. Absent advance leave of this court, the examiner is not to disclose the results of the MMPI or any other mental health test or diagnosis, in whole or in part, to anyone except to the extent the results or diagnosis bears directly on Heimsness's claims of auditory exclusion or tunnel vision, and then only to counsel of record.

3. The full results of the examination, test results and file of the designated examiner should, however, be disclosed to defendants' designated experts, subject to those experts agreeing to abide by the same restrictions as to their use and disclosure set forth in paragraph 2 of this order.

4. Finally, the court reserves on the admissibility of any of the results of the IME, any of the experts' opinions based on the results of the IME and any related tests results, all of which are subject to the terms of the Protective Order (dkt. #16).

Entered this 23rd day of April, 2015.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge