# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

THE ESTATE OF PAUL HEENAN,
by Personal Representative John Heenan,

       Plaintiff,

    v.                                  Case No. 13-CV-606

The CITY OF MADISON,
and MADISON POLICE OFFICER STEPHEN HEIMSNESS,
in his individual capacity,

       Defendants.

### PLAINTIFF'S MOTION
### TO CERTIFY APPEAL AS FRIVOLOUS AND PROCEED WITH TRIAL

| | |
|---|---|
| | THE JEFF SCOTT OLSON |
| | LAW FIRM, S.C. |
| | JEFF SCOTT OLSON |
| FOX & FOX, S.C. | State Bar No. 1016284 |
| MICHAEL R. FOX | ANDREA J. FARRELL |
| State Bar No. 1015173 | State Bar No. 1064773 |
| 124 West Broadway | 131 W. Wilson St., Suite 1200 |
| Monona, WI 53716 | Madison, WI 53703 |
| Phone:  (608)258-9588 | Phone:  (608) 283-6001 |
| Fax:  (608)258-9105 | Facsimile:  (608) 283-0945 |
| E-mail:  mfox@foxquick.com | E-mail:  jsolson@scofflaw.com |

                                    ATTORNEYS FOR PLAINTIFF

Table of Contents

INTRODUCTION ..................................................................................................................... i

ARGUMENT............................................................................................................................. 1

    I.    If a Decision Denying Qualified Immunity Turns on Whether a Principal of Law was Clearly Established at the Time of the Alleged Offense, an Immediate Pretrial Appeal is Available to the Defendant. .................................................................................. 1

    II.    Ordinarily, a Pretrial Appeal on Qualified Immunity Automatically Stays Proceedings in the Trial Court. ................................................................................................ 2

    III.    A Frivolous Appeal Does Not Divest the District Court of Jurisdiction. ............... 3

    IV.    The Present Appeal is Frivolous Because Defendant Heimsness's Claim of Qualified Immunity Rests Entirely on Disputed Assertions of Fact. ............................... 3

CONCLUSION.......................................................................................................................... 5

# INTRODUCTION

On June 1, 2015, this Court entered an order (dkt. # 168) denying the motion of Defendant Heimsness for summary judgment, and, in particular, holding that Defendant Heimsness is not entitled to qualified immunity. On June 3, 2013, Defendant Heimsness filed a notice of appeal from the Court's qualified immunity ruling, seeking to exercise the right to a pretrial appeal conferred by *Mitchell v. Forsyth*, 472 U.S. 511, 528-30 (1985). (Dkt. # 172.) Ordinarily, this would automatically postpone the trial until after the appeal is decided.

The Plaintiff now asks the Court to exercise the power conferred upon it by *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989) to certify the present appeal as frivolous – because it depends entirely on issues of fact and not at all on issues of law – and declare the Court's intention to proceed with the scheduled trial.

**ARGUMENT**

**I.  If a Decision Denying Qualified Immunity Turns on Whether a Principal of Law was Clearly Established at the Time of the Alleged Offense, an Immediate Pretrial Appeal is Available to the Defendant.**

Under the collateral order doctrine, "a district court's denial of a claim of qualified immunity, *to the extent that it turns on an issue of law*, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Mitchell v. Forsyth*, 472 U.S. 511, 528-30 (1985) (emphasis added). However, a defendant invoking a qualified immunity defense "may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson v. Jones*, 515 U.S. 304, 319-320 (1995). "If the denial of qualified immunity turns on factual rather than legal questions, the denial is not properly subject to appellate jurisdiction under the collateral order doctrine because the decision is not 'final.'" *Levan v. George*, 604 F.3d 366, 369 (7th Cir. 2010).

An appellate court hearing a pretrial qualified immunity appeal "may not reconsider the district court's determination that certain genuine issues of fact exist; such determinations are unappealable because they are not 'final decisions' within the meaning of 28 U.S.C. § 1291." *Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 353 (7th Cir. 2005), citing *Johnson v. Jones*, 515 U.S. 304, 313 (1995). Moreover, if the denial of qualified immunity turns on factual rather than legal questions, the denial is not a "final

1

decision" under the collateral order doctrine and the appellate court lacks jurisdiction. *Levan v. George*, 604 F.3d 366, 369 (7th Cir. 2010) (dismissing appeal). Furthermore, an appellate court does not have jurisdiction when "all of the arguments made by the party seeking to invoke . . . [appellate] jurisdiction are dependent upon, and inseparable from, disputed facts." *White v. Gerardot*, 509 F.3d 829, 835 (7th Cir. 2007) (dismissing appeal).

In much simpler terms, "Every court that has addressed the question expressly has held that *Mitchell* does not authorize an appeal to argue 'we didn't do it.'" *Elliott v. Thomas*, 937 F.2d 338, 342 (7th Cir. 1991).

## II.     Ordinarily, a Pretrial Appeal on Qualified Immunity Automatically Stays Proceedings in the Trial Court.

Ordinarily, the filing of a notice of appeal transfers jurisdiction of the case to the Court of Appeals and deprives the district court of jurisdiction to continue proceedings, including trial. *Apostol v. Gallion*, 870 F.2d 1335, 1337 (7th Cir. 1989)("'The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal,'" *quoting Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Put another way, "a proper *Forsyth* appeal divests the district court of jurisdiction (that is, authority) to require the appealing defendants to appear for trial. *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989).

### III. A Frivolous Appeal Does Not Divest the District Court of Jurisdiction.

The filing of a frivolous appeal does not divest the district court of jurisdiction to continue to trial:

> Courts are not helpless in the face of manipulation. District judges lose power to proceed with trial because the defendants' entitlement to block the trial is the focus of the appeal. If the claim of immunity is a sham, however, the notice of appeal does not transfer jurisdiction to the court of appeals, and so does not stop the district court in its tracks. A complaint invoking federal law may be so thin that it does not even create federal jurisdiction. Similarly, a notice of appeal may be so baseless that it does not invoke appellate jurisdiction. Perhaps the district judge has not finally resolved the question of immunity; perhaps the disposition is so plainly correct that nothing can be said on the other side. Courts of appeals may dismiss the appeals and award sanctions, but district courts have their own resources. In interlocutory double jeopardy cases—so closely parallel to *Forsyth* appeals that the principles are freely transferrable—a district court may certify to the court of appeals that the appeal is frivolous and get on with the trial. Such a power must be used with restraint, just as the power to dismiss a complaint for lack of jurisdiction because it is frivolous is anomalous and must be used with restraint. But it is there, and it may be valuable in cutting short the deleterious effects of unfounded appeals.

*Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989)(citations omitted).

In this case, the appeal should be certified as frivolous and the trial should proceed because the appeal so plainly turns on issues of fact, and not on whether any principal of law was clearly established when Defendant Heimsness shot Paul Heenan.

### IV. The Present Appeal is Frivolous Because Defendant Heimsness's Claim of Qualified Immunity Rests Entirely on Disputed Assertions of Fact.

Defendant Heimsness's argument for qualified immunity has never turned upon some assertion that the law has changed since he shot Paul Heenan such that, although

3

it is now available to a jury to find, on the evidence of record, that he violated Heenan's Fourth Amendment rights, back in November of 2012, the same legal principles that would permit a finding of liability today were not clearly established. Rather, he has argued that no reasonable jury could find that he committed the alleged violation, without regard to any claimed increasing clarity in the law. Put another way, taking the two issues upon which a plaintiff must prevail to defeat an assertion of qualified immunity, first, whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right" and, second, "whether the law clearly established that the officer's conduct was unlawful in the circumstances of the case," *Saucier v. Katz*, 533 U.S. 194, 201 (2001), Defendant Heimsness's qualified immunity argument has been that the Plaintiff cannot win on the first element, whether Paul Heenan's rights were violated.

Defendant Heimsness's motion for summary judgment was denied because the so-called "facts" upon which it was based were contradicted by competent evidence in the record. As the Court said, "many of the key proposed finding of facts on which defendants rely in moving for summary judgment are legitimately in dispute." (Dkt. # 168, 23.) It is beyond contending that a defense assertion of a "fact" which is "legitimately in dispute" cannot support summary judgment for the defense, either on the merits of the Fourth Amendment claim, or via qualified immunity.

This result is only to be expected. As the Court noted, excessive force cases frequently present such rich tapestries of disputed facts and competing reasonable

4

inferences that pre-trial dismissals on summary judgment are rare, indeed.  (Dkt. # 168, 29.)

The Court made it very clear that Defendant Heimsness's argument for qualified immunity was based on the same disputed "facts" that were the foundation for his argument for summary judgment on the merits: "Defendant Heimsness's claim to qualified immunity is also based on facts and inferences made in *his* favor." (Dkt. 168. 31.)

The Court's description of the basis for Heimsness's assertion of qualified immunity and its reasons for rejecting it is a textbook illustration of the sort of qualified immunity decision that is *not* immediately appealable under the authorities cited above:

> Accordingly, while it is an arguably higher standard of proof for plaintiff and, therefore, a closer question, the court denies Heimsness's motion for summary judgment on qualified immunity grounds for the same reason the motion is denied on the merits -- factual disputes preclude a finding under the first prong that plaintiff has not made out a constitutional violation, and those same factual disputes similarly preclude a determination of whether the particular constitutional right at stake was clearly established at the time of the shooting.

(Dkt. 168. 32.)

## CONCLUSION

This Court should enter an order certifying to the court of appeals that the appeal is frivolous and therefore ineffective to divest the court of the authority to proceed with the scheduled trial, and stating its intention to "get on with the trial." *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989).

5

Dated this Wednesday, June 03, 2015.

    Respectfully submitted,

    Estate of Paul Heenan,

    Plaintiff,

    By

    FOX & FOX, S.C.
    MICHAEL R. FOX
    State Bar No. 1015173
    124 West Broadway
    Monona, WI 53716
    Phone: (608)258-9588
    Fax: (608)258-9105
    E-mail: mfox@foxquick.com

    THE JEFF SCOTT OLSON LAW FIRM, S.C.
    JEFF SCOTT OLSON
    State Bar No. 1016284
    ANDREA J. FARRELL
    State Bar No. 1064773
    131 W. Wilson St., Suite 1200
    Madison, WI 53703
    Phone: (608) 283-6001
    Facsimile: (608) 283-0945
    E-mail: jsolson@scofflaw.com


     /s/ Jeff Scott Olson
    _____
    ATTORNEYS FOR PLAINTIFF

### Certificate of Service

I hereby certify that on Wednesday, June 03, 2015, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Amanda Jane Kaiser, Catherine M. Rottier, Samuel C. Hall, Jr., and Timothy M. Johnson, and I hereby certify that I have mailed by United States Postal Service the document to the following non ECF participants: none.

                                                         /s/ Jeff Scott Olson