IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THE ESTATE OF PAUL HEENAN, by
Personal Representative John Heenan,

           Plaintiff,           ORDER

v.

           13-cv-606-wmc

THE CITY OF MADISON and MADISON
POLICE OFFICER STEVEN HEIMSNESS,
In his individual capacity,

           Defendants.

---

    The court is in receipt of a flurry of filings by the parties. The first two motions were precipitated by defendant Steven Heimsness's notice today of interlocutory appeal from this court's denial of his motion for summary judgment on qualified immunity grounds. In the first motion, plaintiff, the Estate of Paul Heenan, seeks an order certifying Heimsness's appeal as frivolous pursuant to *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989). (Dkt. #173.) Defendant Heimsness may have until end of day tomorrow, June 4, 2015, to respond to that motion. As part of his response, Heimsness should provide a precise formulation of the *legal* issue that he intends to raise on appeal, including necessarily an adoption of factual disputes resolved in favor of plaintiff. The court will hold a hearing on that motion on Friday, June 5, 2015, at 9:00 a.m.

    In the second motion, the City seeks a stay of *all* proceedings pending appeal, including the claim directed against it. (Dkt. #176.) For the reasons articulated by the Seventh Circuit in *Allman v. Smith*, 764 F.3d 682, 685-86 (7th Cir. 2014), the City's request for a stay -- assuming that the court declines to enter an order certifying

Heimsness's appeal as frivolous -- has merit. Nonetheless, the court will provide plaintiff an opportunity to respond to the City's motion. Such response is also due by end of day tomorrow, June 4, 2015.

Finally, if the court were to grant plaintiff's motion for certification of the appeal as frivolous, and this case proceeds immediately to trial, then the court must also address a letter from plaintiff's counsel dated June 2, 2015. (Dkt. #169.) The court will treat the letter as a motion for clarification, although it essentially is seeking an advisory opinion from this court. Since the City of Madison continues to have an interest in the outcome of all phases of this lawsuit, the court is in no position to advise that all, or even some, of the City's pretrial submissions are rendered moot by its stipulation to confess liability should Heimsness be found liable, except perhaps those motions that solely concern the presentation of evidence to the jury on the City's liability under *Monell*. The court would encourage the parties to meet and confer as to which of these motions have been rendered moot by the court's summary judgment opinion and the City's stipulation. Failing that, both sides will need to decide independently which of the pending motions have arguably been rendered moot, and respond accordingly.

Accordingly,

IT IS ORDERED that:

1) Plaintiff's motion for clarification with respect to the status of the City's pretrial submissions (dkt. #169) is DENIED;

2) Defendant Steven Heimsness may have until end of day Thursday, June 4, 2015, to respond to plaintiff's motion to certify appeal, the response including the information described above;

3) Plaintiff may have until end of day Thursday, June 4, 2015, to respond to the City's motion to stay; and

4) A hearing on plaintiff's motion to certify and the City's motion to stay will be held on Friday, June 5, 2015, at 9:00 a.m.

Entered this 3rd day of June, 2015.

                        BY THE COURT:

                        /s/

                        _____
                        WILLIAM M. CONLEY
                        District Judge