IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THE ESTATE OF PAUL HEENAN,
by Personal Representative John Heenan,

        Plaintiff,                                  Case No: 3:13-cv-606-wmc

v.

THE CITY OF MADISON and
MADISON POLICE OFFICER STEPHEN HEIMSNESS,
in his individual capacity,

        Defendants.

---

DEFENDANT'S BRIEF IN OPPOSITION
TO CERTIFICATION OF APPEAL AS FRIVOLOUS

---

The Defendant, Stephen Heimsness, by his attorneys, CRIVELLO CARLSON, S.C., by Attorney Samuel C. Hall, Jr., hereby submits this Brief in Opposition to the Plaintiff's Motion to Certify Heimsness's appeal as frivolous. For the reasons detailed further below, Heimsness respectfully requests that the Court not certify the appeal as frivolous and instead allow Heimsness to obtain appellate review of the denial of qualified immunity in advance of trial.

**INTRODUCTION**

On June 1, 2015, this Court entered its Decision and Order denying the motion for summary judgment filed by Stephen Heimsness. (Docket No. 168.) Heimsness had sought dismissal of the Fourth Amendment claim against him based, *inter alia*, on the defense of qualified immunity. This Court denied summary judgment and concluded that Heimsness was not entitled to qualified immunity. However, in doing so, this Court recognized that the decision on qualified immunity was a "closer call." Heimsness filed his Notice of Appeal seeking appellate review of the denial of qualified immunity on June 3, 2015 (Docket No. 172), thereby

1

divesting this Court of jurisdiction. *See Mitchell v. Forsyth*, 472 U.S. 511, 525-526 (1985). The Estate then filed its Motion to Certify the Appeal as frivolous. (Docket No. 173.) Relatedly, the City of Madison also filed a Motion to Stay proceedings for the claim against it until the Seventh Circuit mandate is issued in this matter. (Docket No. 176.)

The Estate asserts that Heimsness's appeal is frivolous because this Court denied qualified immunity on the basis of disputed facts, which necessarily implicates the question of whether the Seventh Circuit Court of Appeals has jurisdiction over this appeal. (*See* Docket No. 173 at 1-2.)

However, for the reasons detailed below, the appeal in this action is not frivolous and the Seventh Circuit Court of Appeals does have jurisdiction of this appeal. Further, while the Court indicated that it would revisit the question of qualified immunity after trial, the defense of qualified immunity is lost once a trial begins. *Id.* ("like an absolute immunity, [qualified immunity] is effectively lost if a case is erroneously permitted to go to trial."); *see also Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989) ("it makes no sense for trial to go forward while the court of appeals cogitates on whether there should be one.").

## **ARGUMENT**

### I. **LEGAL STANDARD FOR CONSIDERING WHETHER AN APPEAL IS FRIVOLOUS.**

With the filing of the Notice of Appeal and pursuant to the protocols of the Seventh Circuit Court of Appeals, jurisdiction of the claim against Heimsness has been transferred to the Seventh Circuit Court of Appeals and the underlying matter should be stayed until the Seventh Circuit's mandate is issued. *Apostol*, 870 F.2d at 1339. In order to transfer jurisdiction back to this Court, it is the Estate's burden to obtain a determination that the appeal is frivolous. *Id.*

In *Apostol*, the Seventh Circuit Court of Appeals held that district court judges could certify a *Forsyth* collateral order appeal as frivolous only if the defendant's "claim of immunity is a 'sham'" and the "disposition is so plainly correct that nothing can be said on the other side." *Id*. Recognizing the extraordinary nature of such a certification, the Seventh Circuit cautioned district courts that this "power must be used with restraint." *Id*. at 1339. The Seventh Circuit has also recognized that a defendant's right to appeal a qualified immunity defense under *Forsyth* "would be eviscerated if district courts, cloaked with the authority of *Apostol*, could too easily certify even potentially meritorious appeals as frivolous." *McGrath v. City of Gary*, 976 F.2d 1026, 1030 (7th Cir. 1992).

## II.    LEGAL STANDARD FOR APPELLATE JURISDICTION OVER AN APPEAL BASED ON THE DENIAL OF QUALIFIED IMMUNITY.

In cases where a summary judgment motion based on a claim for qualified immunity is denied, such denials "generally fall within the collateral order doctrine." *Plumhoff v. Rickard*, 572 U.S. ---, 134 S.Ct. 2012, 2019 (2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 671-672 (2009)). The general rule that only final orders pursuant to 28 U.S.C. § 1291 are immediately reviewable does not apply to the denial of qualified immunity because "qualified immunity is an immunity from suit rather than a mere defense to liability." *Id*. (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). If qualified immunity applies to an officer's conduct, "the officer should not be subject to liability or, indeed, even the burdens of litigation." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004).

As argued by the Plaintiff, there are limits to appellate review of the denial of qualified immunity. *Johnson v. Jones*, 515 U.S. 304, 309 (1995). In *Johnson*, the Supreme Court held that appellate courts did not have jurisdiction to review denials of qualified immunity to decide

questions of "evidence sufficiency." *Id*. at 313. Stated differently, appellate courts do not have jurisdiction to determine "which facts a party may, or may not, be able to prove at trial." *Id*.

However, since *Johnson*, both the Supreme Court and the Seventh Circuit Court of Appeals have correctly recognized that a district court's finding that factual disputes prevented summary judgment "does not always preclude appellate review." *Sallenger v. Oakes*, 473 F.3d 731, 738 (7th Cir. 2007); *Behrens v. Pelletier*, 516 U.S. 299, 312-313 (1996).

In *Behrens*, the United States Supreme Court granted certiorari after a district court certified an appeal as frivolous and the Ninth Circuit Court of Appeals dismissed the appeal for want of jurisdiction. *Behrens*, 516 U.S. at 305. The Supreme Court explained its ruling in *Johnson* and held that the "[d]enial of summary judgment often includes a determination that there are controverted issues of material fact, and *Johnson* surely does not mean that every such denial of summary judgment is non-appealable. *Johnson* held, simply, that determinations of evidentiary sufficiency at summary judgment are not immediately appealable merely because they happen to arise in a qualified immunity case…." *Id*. at 312-313.

Finally, there is also well-established precedent of the courts of appeals deciding appeals even if the court ultimately concludes that issues of material fact prevent a finding of qualified immunity. A recent example, decided only last week, was cited by the Court in its summary judgment decision. *Weinmann v. McClone*, --- F.3d ---, 2015 WL 3396858 (7th Cir. May 27, 2015). The *Weinmann* court ultimately concluded that the "existence of a factual dispute about the circumstances surrounding McClone's decision to fire on Jerome precludes a ruling on qualified immunity at this point." However, despite that finding, the Seventh Circuit Court of Appeals did not indicate that the appeal was frivolous or even that it lacked jurisdiction. In fact, the Seventh Circuit Court of Appeals ruled the opposite: "He [the officer] has taken an

4

interlocutory appeal from [the summary judgment] order, as he is permitted to do.  *Id*. at *1 (citing *Forsyth*, 472 U.S. at 525-526.).  Despite the existence of factual disputes, the Seventh Circuit went on to describe its jurisdiction as follows:

> [W]e have jurisdiction pursuant to 28 U.S.C. § 1291 over this appeal only insofar as we may review the district court's determination that genuine issues of fact preclude the resolution of [the officer's] qualified immunity defense; if we were to find no such factual issues, we would also be entitled to review the denial itself.

*Id*. at *2.

Through this appeal, Heimsness seeks appellate review of purely legal issues.  In considering this appeal, the Seventh Circuit will not be asked to and will not need to weigh any questions of evidence sufficiency.  Heimsness is also not claiming that "[he] didn't do it," as was suggested by the Estate.  (*See* Docket No. 173 at 2.)  While the facts of this case are very important, they are not convoluted.  The events at issue were visually observed by three witnesses in this case and to the extent that the witnesses differ on their recollection in any material respect, Heimsness has been and continues to be prepared to accept the version of facts based on evidence that most favors the Estate.[1]  Even when the Estate's most favorable version of the factual evidence is considered, Heimsness is still entitled to qualified immunity.

### III.   THE APPEAL IS NOT FRIVOLOUS BECAUSE THE SEVENTH CIRCUIT COURT OF APPEALS HAS JURISDICTION OVER THE DENIAL OF QUALIFIED IMMUNITY IN THIS CASE.

A district court conclusion that an appeal is frivolous is an extraordinary finding.  In *Apostol*, the Seventh Circuit Court of Appeals held that district court judges could certify a

---

[1] Heimsness believes that he is entitled to qualified immunity even after viewing all facts and drawing all reasonable inferences in favor of the Estate.  From pages two through sixteen of the Decision and Order, while not necessarily vouching for the veracity of the facts, this Court articulated the factual background in the light most favorable to the Estate.  (Docket No. 168 at 2-16, n.2) (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986)). Heimsness contends that even if those facts are accepted as true, the alleged unconstitutionality of the use of deadly force in these circumstances was not beyond debate.

*Forsyth* collateral order appeal as frivolous only if the defendant's "claim of immunity is a 'sham'" and the "disposition is so plainly correct that nothing can be said on the other side." *Id*. The appeal filed by Heimsness is far from a sham. While Heimsness does not anticipate that the Court will re-evaluate its summary judgment ruling, Heimsness does have viable legal arguments on the appeal of the denial of qualified immunity.

### A.    Qualified Immunity Standard

The question of whether immunity attaches is a question of law and is always one for judicial determination, even though pertinent facts may be in dispute. *Rakovich v. Wade*, 850 F.2d 1180, 1202 (7th Cir. 1998) (*en banc*), *cert. denied,* 488 U.S. 968 (1998). Qualified immunity shields government officials from civil liability unless the official violated a statutory or constitutional right that was clearly established right at the time of the challenged conduct.[2] *Pearson v. Callahan*, 555 U.S. 223, 235 (2009). To be "clearly established," a right must be sufficiently clear "that every reasonable official would [have understood] that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). In other words, existing precedent must have placed the statutory or constitutional question beyond debate. *Ashcroft v. al-Kidd*, 563 U.S.---, 131 S.Ct. 2074, 2083 (2011). A plaintiff most commonly may demonstrate the existence of a clearly established right by identifying a closely analogous case that had decided that the conduct was forbidden. *Forman v. Richard Police Department*, 104 F.3d 950, 958 (7th Cir. 1997). The Seventh Circuit Court of Appeals ultimately reviews the denial of qualified immunity *de novo*. *Rakovich v. Wade*, 850 F.2d 1180, 1204 (7th Cir. 1993).

---

[2] To be clear, and contrary to the Estate's argument to the contrary, Heimsness has always maintained that he was entitled to qualified immunity based on the lack of a constitutional deprivation or, alternatively, because the law governing the use of deadly force in this particular context was not clearly established. (Docket No. 55 at 15-16; Docket No. 76 at 25-26) ("Despite the over 150 pages of briefing presented by the Estate and the numerous cases cited in response to the Defendants' summary judgment motions, the Estate has not cited to a single case establishing that the use of deadly force is unconstitutional in the scenario that Officer Heimsness confronted.").

The Seventh Circuit Court of Appeals recently reiterated the need to identify the relevant constitutional right in a fact-specific context to avoid "convert[ing] the rule of qualified immunity…into a rule of virtually unqualified liability simply by alleging a violation of extremely abstract rights."  *White v. Stanley*, 745 F.3d 237, 241 (7th Cir. 2014) (quoting *Anderson v. Creighton*, 483 U.S. 635, 639 (1987)).  The Seventh Circuit also recognized that "[q]ualified immunity is supposed to protect officers in the close case, and it therefore must apply to the officer's snap judgment in a legally hazy area." *Id*. (citing *Stanton v. Sims*, ___ U.S. ___, 134 S.Ct. 3, 7, (2013) (per curiam)).

The qualified immunity defense was described in *Weinmann* as involving a "double deference" in favor of the officer: "the substantive constitutional standard protects [the officer's] reasonable factual mistakes and qualified immunity protects [the officer] from liability where [the officer] reasonably misjudge[d] the legal standard."  *Weinmann v. McClone*, --- F.3d ---, 2015 WL 3396858 (7th Cir. May 27, 2015) (quoting *Catlin v. City of Wheaton*, 574 F.3d 361, 369 (7th Cir. 2009).

### B.    The Appeal is Meritorious

Heimsness's appeal is not frivolous for several reasons.  First, Heimsness has been and continues to be prepared to have his claim for qualified immunity evaluated on the version of supportable facts that most favors the Estate's position.  In that regard, if the qualified immunity defense is evaluated using the competent evidentiary record that best supports the Estate's claims, there are <u>no</u> factual disputes that inhibit a ruling on qualified immunity.[3]  Throughout the summary judgment briefing and decision, no authority has been presented that renders the use of

---

[3] The Supreme Court in *Behrens* recognized that an officer may "claim on appeal that all of the conduct which the District Court deemed sufficiently supported for purposes of summary judgment met the [qualified immunity] standard…" *Behrens*, 516 U.S. at 313.  Heimsness intends to offer the same argument on this appeal.  Even assuming the facts in the light most favorable to what the Estate can prove, the law that existed in November of 2012 did not place the alleged unconstitutionality of the use of deadly force "beyond debate."

deadly force in the scenario that unfolded before Heimsness, even as factually described by the Estate, "beyond debate."

Additionally, in this particular case, open and significant questions of law impact the defining of what facts are material for evaluating the Fourth Amendment claim against Heimsness. A material fact is one that is outcome determinative of an issue in the case, with substantive law identifying which facts are material. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In denying summary judgment, this Court rejected Heimsness's legal argument to "consider narrowly the specific moment when Officer Heimsness chose to pull the trigger…" (Docket No. 168 at 24.) However, that legal issue, which informs the question of what facts are material (constituting the "totality of the circumstances") is in and of itself a legal question that is debatable.[4]

While this Court cited to *Deering v. Reich*, 183 F.3d 645, 650-651 (7th Cir. 1999), the Seventh Circuit Court of Appeals has also, more recently, ruled that "we limit our analysis to force used when a seizure occurs." *Marion v. City of Corydon, Indiana*, 559 F.3d 700, 705 (2009); *see also Carter v. Buscher*, 973 F.2d 1328, 1332 (7th Cir. 1992) ("pre-seizure conduct is not subject to Fourth Amendment scrutiny."); *Plakas v. Drinski*, 19 F.3d 1143, 1150 (7th Cir. 1994) ("Our historical emphasis on the shortness of the legally relevant time period is not accidental."). Particularly significant, the Seventh Circuit's decision in *Carter*, which has not

---

[4] *Graham v. Connor*, 490 U.S. 386 (1989) instructs that in determining the proper level of force, officers should consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of officers or others, and whether he is actively attempting to evade arrest by flight." *Id*. at 396. All of these factors describe the actions of the suspect–not the officer. While recognizing that these three considerations, which constitute the "totality of the circumstances," are not necessarily exhaustive, scholars have noted that the Supreme Court's holding "did not include any actions of police officers" besides the actual use of force; "instead, the Court addressed only those actions of the seized individuals that should factor into the reasonableness assessment." Jason M. Whiteman, *Richardson v. McGriff – Eliminating Pre-Seizure Conduct of a Law Enforcement from Review Under Constitutional and Tort Law*, 61 Md. L.Rev. 1074, 1088-1089 (2002). As such, there is a purely legal question of what facts actually comprise the "totality of the circumstances" such that the officer's action (or lack thereof) can be used to establish that a use of force was objectively unreasonable and defeat a motion for summary judgment based on qualified immunity.

been overturned, described the officers' conduct leading up to the shooting as a "dubious scheme" and that it "read like the script from Keystone Cops." *Carter*, 973 F.2d at 1329. Still, the court in *Carter* seemingly did not consider the officers' conduct as part of the "totality of the circumstances" and thereby did not allow the troubling fact pattern prevent summary judgment as a matter of law (not reaching the qualified immunity defense). *Id.* at 1333.

Finally, in denying Heimsness's request for qualified immunity, the Court may not have considered the Supreme Court's May 18, 2015 decision in *City and County of San Francisco v. Sheehan*, 575 U.S. ---, 135 S.Ct. 1765 (2015). In *Sheehan*, the United States Supreme Court reversed a Ninth Circuit ruling that denied qualified immunity in a deadly force case based on perceived disputes of material fact. Importantly, for its part, the Ninth Circuit Court of Appeals denied qualified immunity and pointed to various disputes of fact regarding Sheehan's actions immediately prior to shooting, including where Sheehan was located as she was shot. *Sheehan v. City and County of San Francisco*, 743 F.3d 1211, 1219-1220 (9th Cir. 2014) (overruled). Notably, despite finding these perceived disputes of fact, the Ninth Circuit Court of Appeals still exercised jurisdiction over the appeal.

However, on review, the Supreme Court found some of those disputes to be immaterial to the Fourth Amendment claim and otherwise concluded that qualified immunity should be granted "because these officers had no 'fair and clear warning of what the Constitution requires.'" *Id.* at 1778 (quoting *al-Kidd*, 563 U.S. ---, 131 S.Ct. at 2086-2087.).

Further, the Supreme Court again cautioned courts "not to define clearly established law at a high level of generality." *Id.* at 1776. Broadly and without reference to the Estate's version of what Heimsness encountered (or any legal authority that may have also involved similar contexts), this Court concluded that "it has been clearly and long established that shooting an

9

individual in the chest three times who did not pose an imminent threat to the safety of the officers or others violates that individual's Fourth Amendment right to be free from excessive force." (Docket No. 168 at 32.) The foregoing general conclusion by the Court is similar to what the Supreme Court recently cautioned against in *Sheehan*.

The appeal filed by Heimsness is not frivolous, a sham or without viable support. While the Defendant respects this Court's ruling and its consideration in preparing its lengthy Decision and Order, Heimsness has the legal right to obtain appellate review prior to incurring the expense, risk and disruption of trial. Accordingly, Heimsness respectfully requests that the Court decline to certify the appeal as frivolous and instead stay all proceedings until the Seventh Circuit Court of Appeals issues its mandate in this matter.

**C.    Response to the Court's June 3, 2015 Order (Docket No. 177).**

The Court's Order regarding the Estate's motion to certify the appeal as frivolous (Docket No. 177) directed Heimsness to "provide a precise formulation of the legal issue that he intends to raise on appeal…." Pursuant to that direction, but without waiving the right to further refine and revise the specific appellate issues for review, Heimsness identifies the following issues:

(1)    In a Fourth Amendment excessive force claim, even if relevant and admissible pursuant to *Deering v. Reich*, are an <u>officer's</u> pre-seizure actions (or inactions) considered part of the totality of the circumstances as defined by *Graham v. Connor*, such that the alleged unreasonableness of the officer's pre-seizure action (or inaction) may defeat a motion for summary judgment based on qualified immunity?

(2)    After adopting all genuine disputes of material fact in favor of the Estate, was the alleged unconstitutionality of Heimsness's use of deadly force beyond debate?

(3)    Was the District Court's determination that genuine issues of fact preclude the resolution of Heimsness's qualified immunity defense correct?  *See, e.g. Weinmann v. McClone*, --- F.3d ---, 2015 WL 3396858, *2 (7th Cir. May 27, 2015).

Further, as noted above, Heimsness believes that he is entitled to qualified immunity even after viewing all facts and drawing all reasonable inferences in favor of the Estate.  From pages two through sixteen of the Decision and Order, while not necessarily vouching for the veracity of the facts, this Court articulated the factual background in the light most favorable to the Estate. (Docket No. 168 at 2-16, n.2) (citing *Anderson*, 477 U.S. at 255).  Heimsness intends to argue on appeal that even under those facts, the alleged unconstitutionality of the use of deadly force was not beyond debate.

## CONCLUSION

Based on the foregoing, Heimsness respectfully requests that the Court not certify the appeal as frivolous and instead allow Heimsness to obtain appellate review of the denial of qualified immunity in the Seventh Circuit Court of Appeals.

Dated this 4th day of June, 2015.

By:____s/ Samuel C. Hall, Jr._____
SAMUEL C. HALL, JR.
State Bar No. 1045476
TIMOTHY M. JOHNSON
State Bar No. 1052888
Attorneys for Defendant Madison Police
Officer Stephen Heimsness
CRIVELLO CARLSON, S.C.
710 N. Plankinton Avenue, Suite 500
Milwaukee, WI  53203
Ph: (414) 271-7722
Fax: (414) 271-4438
E-mail: shall@crivellocarlson.com
        tjohnson@crivellocarlson.com