IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THE ESTATE OF PAUL HEENAN, by
Personal Representative John Heenan,

                     Plaintiff,                    OPINION AND ORDER

   v.

                                                    13-cv-606-wmc

THE CITY OF MADISON and MADISON
POLICE OFFICER STEVEN HEIMSNESS,
In his individual capacity,

                     Defendants.

---

Earlier this week, the court issued an opinion denying defendant Steven Heimsness's motion for summary judgment on the basis of qualified immunity for his decision to shoot Paul Heenan, then an apparently unarmed suspect of breaking and entering after Heenan refused then Madison police officer Heimsness's direction at gun point to go down to the ground. (6/1/15 Op. & Order (dkt. #168).) Two days later, Heimsness filed a notice of for interlocutory appeal to the Seventh Circuit from that decision, consistent with the relief provided in *Mitchell v. Forsyth*, 472 U.S. 511 (1985). This notice quickly prompted two related motions from the parties. The plaintiff, the Estate of Paul Heenan, moves to certify the interlocutory appeal as frivolous so that this court could retain jurisdiction and proceed to trial in a little over two weeks as contemplated. (Dkt. #173.) The defendant, the City of Madison, moves to stay all proceedings in the district court pending Heimsness's appeal, since its liability will turn on whether Heimsness violated the Fourth Amendment, one of two issues Heimsness hopes to challenge on interlocutory appeal. (Dkt. #176.) The court held oral argument

on both motions today at which all parties appeared by counsel.  For the reasons stated on the record and more formally explained below, the court reluctantly denies plaintiff's motion to certify the appeal as frivolous and will, in turn, grant the City's motion to stay.  At the same time, should the Seventh Circuit agree with this court that defendant Heimsness is unlikely to prevail on his interlocutory appeal because of the many material factual disputes concerning the information available to him at the time of the shooting, this court would support expedited review and remand, so that a full record can be considered at trial and the ultimate merits of this suit addressed in the most just, speedy and inexpensive manner possible.

OPINION

I.  **Limits on Interlocutory Appeals**

Interlocutory appeals as a matter of right are limited to a few specific circumstances (*e.g.*, granting or denying an injunction, decisions concerning receivership issues or particular admiralty decrees).  *See* 28 U.S.C. § 1292(a)(1).  Even in those cases, a stay of all proceedings in the district court is not required.  *See, e.g.*, *Wis. Mut. Ins. Co. v. United States*, 441 F.3d 502, 504 (7th Cir. 2006) ("[A]n appeal taken from an interlocutory decision does not prevent the district court from finishing its work and rendering a final decision.").

Contrary to this normal practice, however, an interlocutory appeal of a denial of qualified immunity will typically result in a stay of all proceedings in the district court.  *See Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989).  The justification for a

complete stay in these circumstances "is that the trial [would] destroy[] rights created by the immunity" -- making "no sense for trial to go forward while the court of appeals cogitates on whether there should be one." *Id*. (internal citation omitted). In *Apostol*, the Seventh Circuit also recognized an exception to the typical practice of staying all proceedings "where the claim of immunity is a sham." *Id.* at 1339. Under this exception, which is central to plaintiff's motion, "the notice of appeal does not transfer jurisdiction to the court of appeals, and so does not stop the district court in its tracks." *Id.* But to proceed immediately with trial, the district court must certify that the defendant's appeal is frivolous. *Id.*; *see also Behrens v. Pelletier*, 516 U.S. 299, 310-11 (1996) (approving of this process).[1]

While *Apostol* recognizes a means to keep a trial involving a public official as defendant on track and avoid needless delays caused by meritless appeals, courts have been appropriately reluctant to enter such certifications. *See Apostol*, 870 F.2d at 1335 (explaining that "such power must be used with restraint, just as the power to dismiss a complaint for lack of jurisdiction because it is frivolous is anomalous and must be used with restraint"); *see also McMath v. City of Gary, Ind.*, 976 F.2d 1026, 1030 (7th Cir. 1992) (reversing magistrate judge's certification of appeal as frivolous because: "In *Apostol*, we admonished district courts to act with restraint in using their power to certify the frivolity of an appeal, 870 F.2d at 1339, and we reiterate that admonition here."). Indeed, the court found but a handful of examples of district courts certifying an

---

[1] The court could also find that defendant waived any right by waiting too long after the denial of summary judgment to seek review, *Apostol*, 870 F.2d at 1339, but that is certainly not the case here.

interlocutory appeal from the denial of qualified immunity to the Seventh Circuit as frivolous or a sham, all of which have come from the Northern District of Illinois.² The Western District of Wisconsin has been particularly reticent to provide such a certification, even when faced with appeals that appear to be without merit. *See, e.g.*, *Jones v. Wilhelm*, No. 03-C-0025-C, 2004 WL 420147, at *2 (Feb. 24, 2004) (Crabb, J.) (declining in similar Fourth Amendment setting, to certify appeal as frivolous but noting "belief that this appeal is a waste of time").

Curiously, despite the rarity of such certifications, the Seventh Circuit *routinely* dismisses appeals from a denial of qualified immunity because it turns on factual disputes, like those at issue here, or finds the factual issues preclude qualified immunity altogether. *See, e.g.*, *Gutierrez v. Kermon*, 722 F.3d 1003, 1009 (7th Cir. 2013) (dismissing interlocutory appeal because appellate court can only consider abstract legal questions on appeal from denial of defense of qualified immunity; it may not decide whether district court erred in finding that genuine dispute of material fact existed); *Estate of Starks v. Enyart*, 5 F.3d 230, 235 (7th Cir. 1993) (dismissing defendant's interlocutory appeal of

---

² *See Lanza v. City of Chi.*, No. 08 C 5103, 2010 WL 5313483, at *2 (N.D. Ill. Dec. 20, 2010) (certifying appeal as frivolous, finding disputed facts divest Seventh Circuit of jurisdiction); *Engel v. Buchan*, No. 10 C 3288, 2010 WL 5014156, at *2 (N.D. Ill. Dec. 3, 2010) (finding appeal frivolous because defendant was bound by other decision denying him qualified immunity); *Manning v. Dye*, No. 02 C 372, 2003 WL 21704421, at *1 (N.D. Ill. July 22, 2003) (finding appeal frivolous where it is based on a misstatement of plaintiff's legal claim); *Vladic v. Hamann*, No. 00 C 6739, 2002 WL 31248544, at *2 (N.D. Ill. Oct. 4, 2002) (certifying appeal as frivolous because it does not rest on a question of law); *Ruffino v. Sheahan*, 61 F. Supp. 2d 767, 770 (N.D. Ill. 1999) (concluding that the case was "such an extreme and unusual case" to warrant certification as frivolous); *Vidmar v. City of Chi. Bd. of Educ.*, No. 98 C 0951, 1999 WL 409929, at *5 (N.D. Ill. June 7, 1999) (finding appeal is "so thin on the merits that it is 'frivolous'").

denial of qualified immunity because the appeal rested on factual disputes that court lacked jurisdiction to consider); *Weinmann v. McClone*, No. 14-1794, 2015 WL 3396858, at *2, *4 (7th Cir. May 27, 2015) (affirming district court's denial of qualified immunity in excessive force claim because of factual disputes).

## II. Merits of Heimsness's Interlocutory Appeal

As counsel for Heimsness acknowledges in its response to plaintiff's motion and again at oral argument, in the fairly well-established limits on interlocutory appeals from denials of qualified immunity, the Seventh Circuit would have to find as a matter of law that an objectively reasonable police officer could have believed that Heenan, as a breaking and entering suspect, posed an imminent threat to Heimsness because he did not go down to the ground after Heimsness gave a single command to do so, at gunpoint and without identifying himself as a police officer, but instead advanced slowly towards Heimsness while flailing his arms around and swatting at him, *despite* also knowing that (as viewed in the light most favorable to plaintiff):

- Heenan had just voluntarily disengaged from a physical exchange with the purported victim,

- the victim immediately, urgently and repeatedly shouted to Heimsness that the suspect was his "neighbor";

- Heenan was obviously, extremely intoxicated;

- Heenan had no visible weapon, including nothing in either hand;

- another officer was on the scene behind Heenan at the time of the shooting, prepared to provide support;

- Heimsness was successfully able to get a distance of between four to six feet between himself from Heenan by just employing a light push with Heimsness's non-dominant hand;

5

- in response to this push, Heenan stumbled and fell backward until hitting a light pole; and

- Heimsness then shot Heenan from a distance of between four to six feet as Heenan was then crouched against the pole, unable to retreat further.

Although Heimsness's counsel represents an intent to abide by these facts on appeal (dkt. #178 at 10-11), they repeatedly failed to do so in written submissions and arguments to this court on summary judgment.[3]  Moreover, if the facts *are* interpreted in favor of plaintiff, the court is hard-pressed to see any merit in defendant's appeal for reasons addressed at length in this court's summary judgment decision.

Still, whatever "frivolous" may mean in this context, it is an even lower bar than an appeal "without merit."  *McMath*, 976 F.2d at 1031 (reversing magistrate judge's certification of appeal as frivolous, but still finding that "the immunity defendant, even if not frivolous, is without merit").  Accordingly, the court remains reticent to deny Heimsness one of the intended benefits of qualified immunity -- avoiding an unnecessary trial -- by certifying the appeal as frivolous.

This case illustrates a perplexing dynamic.  On the one hand, a public official is generally entitled to bring an interlocutory appeal from the denial of qualified immunity *and* to a complete stay of the proceedings, except in rare circumstances where the district court certifies such an appeal as frivolous.  Even then, the Seventh Circuit is likely to grant an emergency stay.  *See, e.g.*, *Ruffino v. Sheahan*, 218 F.3d 697, 698 (7th Cir. 2000)

---

[3] At oral argument, plaintiff's counsel argued for the first time that this failure amounts to a waiver of such a legal argument on appeal, citing *Ruffino v. Sheahan*, 218 F.3d 697, 700-01 (7th Cir. 2000).  While the court shares some of plaintiff's frustration in this regard, it cannot say that the failure to engage on the full record should be deemed a complete waiver of what was essentially its principal argument on summary judgment: that no Fourth Amendment violation could be found on this record.

(granting emergency stay of trial over district court's finding of frivolousness, only to reach the same finding after full appeal). On the other hand, it is the fairly common practice of the Seventh Circuit to dismiss qualified immunity appeals for lack of jurisdiction where the determination ultimately depends on disputes of fact. Moreover, despite the *Apostol* decision being now more than 25 years old, district courts and summarily the Seventh Circuit have seldom, seriously considered its application to require trials to proceed without a full appeal on a claim of qualified immunity.

Even so, unless the Seventh Circuit advises that the standard by which district courts should deem appeals of denials of qualified immunity "frivolous" or "a sham" are different from their ordinary meaning, this court must decline to find that defendant Heimsness or his counsel have acted in bad faith by appealing this court's summary judgment decision, however likely it believes remand will ultimately be required. Instead, the court can only bolster plaintiff's view that a lengthy stay while waiting for the resolution of a marginal appeal will inevitably prejudice the parties and the court by requiring a completely new ramp up for a trial that is now less than three weeks away, not to mention impose an added burden on Mr. Heenan's parents, other relatives and friends who are still awaiting their day in court. At minimum, it would seem a good practice to consider expediting an interlocutory appeal under these circumstances.

### III. Stay of Trial

Finally, for the reasons provided in *Allman v. Smith*, 764 F.3d 682, 685-86 (7th Cir. 2014), the court will grant the City's motion to stay, which is unopposed. Since even an expedited appeal is unlikely to be completed in time for a jury trial to proceed

on June 22nd, the court will also deem all deadlines suspended at this time. Absent a reversal of this opinion and order by the Seventh Circuit by Monday, June 15, 2015, the trial date will also be struck.

## ORDER

IT IS ORDERED that:

1) Plaintiff the Estate of Paul Heenan's motion to certify appeal as frivolous (dkt. #173) is DENIED;

2) Defendant the City of Madison's motion to stay proceedings (dkt. #176) is GRANTED;

3) All deadlines set by this court are SUSPENDED and the current trial date of June 22, 2015, will be deemed STRUCK absent a reversal of this order on or before June 15, 2015; and

4) All other pending motions are DENIED without prejudice to the parties' reasserting those motions after the appeal is resolved.

Entered this 5th day of June, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge